# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

# CRIMINAL CASE NOS. 1:11cr30 & 1:11cr32

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WALTER CORNELIUS USSERY. ) | |
| _____ ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| JONATHAN MAURICE USSERY. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Motions to Suppress [Criminal Case No. 1:11cr30, Doc. 18 and Criminal Case No. 1:11cr32, Doc. 16] filed by the Defendants Walter and Jonathan Ussery; the Magistrate Judge's Memorandum and Recommendation [Criminal Case No. 1:11cr30, Doc. 31 and Criminal Case No. 1:11cr32, Doc. 21], recommending that these motions be denied; and the Defendants' Objections to the Memorandum and

Recommendation [Criminal Case No. 1:11cr30, Doc. 33 and Criminal Case No. 1:11cr32, Doc. 22].

## I. PROCEDURAL HISTORY

On April 5, 2011, each of the Defendants was charged in a bill of indictment with possession of a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:11cr30, Doc. 3 and Criminal Case No. 1:11cr32, Doc. 3]. Thereafter, the Defendants filed motions to suppress the evidence seized as a result of their being stopped on September 25, 2010. [Criminal Case No. 1:11cr30, Doc. 18 and Criminal Case No. 1:11cr32, Doc. 16].

On July 26, 2011, the Honorable Dennis L. Howell, United States Magistrate Judge, conducted an evidentiary hearing on the Defendants' motions. On September 12, 2011, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the motions to suppress be denied. [Doc. 31]. Both Defendants timely filed Objections to the Memorandum and Recommendation. [Criminal Case No. 1:11cr30, Doc. 33 and Criminal Case No. 1:11cr32, Doc. 22]. The Government has responded, opposing the Defendants' motions. [Criminal Case No. 1:11cr30, Doc. 34 and Criminal Case No. 1:11cr32, Doc. 23].

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Rule 59(b)(1) of the Federal Rules of Criminal Procedure. The Court must consider any objection to the magistrate judge's recommendation de novo. Fed. R. Crim. P. 59(b)(3). Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, 1983 advisory committee's note).

## III. FACTUAL BACKGROUND

The Defendants makes no objection to the factual background as recited by the Magistrate Judge in the Memorandum and Recommendation. Upon careful examination of the transcript of the suppressing hearing, the Court finds that the Magistrate Judge's findings of fact as set forth in pages 2 through 6 of the Memorandum and Recommendation are correct and deserving of adoption by this Court. These findings are therefore adopted and incorporated herein.

## IV. DISCUSSION

The Fourth Amendment permits a brief, investigatory stop of a person "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To justify a Terry stop, "the officer must be able to articulate an objectively reasonable suspicion of criminal activity." United States v. Hernandez-Mendez, 626 F.3d 203, 207 (4th Cir. 2010), cert. denied, 131 S.Ct. 1833, 179 L.Ed.2d 788 (2011).

In the present case, counsel for the Defendants attempt to undercut the particularized and objective basis for the officers' reasonable suspicion by offering innocent explanations for the Defendants' behavior and by pointing to certain facts which, when viewed in isolation, suggest that the Defendants were not engaged in criminal activity. In assessing reasonable suspicion, however, the Court must examine "the totality of the circumstances." United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). "The reasonable inquiry is fact-intensive, but individual facts and observations cannot be evaluated in isolation from each other." Hernandez-Mendez, 626 F.3d at 208. Thus, "[e]ven where each individual factor alone is susceptible of innocent

4

explanation, the question is whether, taken together, they are sufficient to form a particularized and objective basis for an officer's suspicions." United States v. Black, 525 F.3d 359, 365-66 (4th Cir. 2008) (internal quotation marks and citation omitted).

Here, an examination of the totality of the circumstances supports the Magistrate Judge's conclusion that the officers had a particularized and objective basis for suspecting the Defendants of criminal activity. As noted by the Magistrate Judge, the officers were alerted by an employee of the Forest City Arby's that there were two men in the restaurant who matched the physical description of the men who robbed a nearby Wendy's restaurant the month before. The call came in shortly after 10:00 p.m., approximately the same time as the previous robbery. Once on the scene, the officers were able to observe that both men were dressed in baggy clothing, wearing baseball caps, and were wearing disguises -- one wearing a dreadlocks wig and the other wearing sunglasses -- just like in the previous robbery. The officers also observed that one of the Defendants was pacing back and forth in front of the counter and looking around while waiting for his food order. Based on all of these circumstances, the Magistrate Judge correctly concluded that the officers had a particularized and objective basis to conclude that criminal

activity may be afoot, and therefore, a brief <u>Terry</u> stop of the Defendants was warranted.

Once the stop was initiated, the Defendants exhibited nervous and agitated behavior. When the officers asked Jonathan Ussery to remove his wig, he denied it was a wig, even though it was obviously not his real hair. Neither Defendant could produce any identification. When asked if they had any weapons or illegal contraband on them, Walter Ussery immediately reached into his front pocket at his waist, and Jonathan Ussery grabbed his waistband. These evasive actions only served to further heighten the officers' suspicions that the Defendant were engaged in criminal activity and were possibly armed. <u>See</u> <u>Foster</u>, 634 F.3d at 247 (noting that "evasive behavior is a pertinent factor in determining reasonable suspicion"). In light of the totality of the circumstances, the Magistrate Judge correctly concluded that the officers had reasonable suspicion to detain the Defendants to conduct a pat down for weapons.

## VI. CONCLUSION

For the reasons stated herein, the Court concludes that the Magistrate Judge's findings of fact are correct and that his conclusions of law are consistent with current law. Accordingly, the Court overrules the Defendants'

6

Objections to the Memorandum and Recommendation and hereby accepts the Magistrate Judge's recommendation that the motions to suppress be denied.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendants' Objections to the Memorandum and Recommendation [Criminal Case No. 1:11cr30, Doc. 33 and Criminal Case No. 1:11cr32, Doc. 22] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Criminal Case No. 1:11cr30, Doc. 31 and Criminal Case No. 1:11cr32, Doc. 21] is **ACCEPTED**; and the Motions to Suppress [Criminal Case No. 1:11cr30, Doc. 18 and Criminal Case No. 1:11cr32, Doc. 16] filed by the Defendants Walter and Jonathan Ussery are **DENIED**.

**IT IS SO ORDERED.**

Signed: October 5, 2011

Martin Reidinger
United States District Judge