# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00307-MR
# [CRIMINAL CASE NO. 1:11-cr-00032-MR-DLH-1]

| | |
|---|---|
| JONATHAN MAURICE USSERY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I.  BACKGROUND

On September 25, 2010, in Forest City, North Carolina, police officers confronted Petitioner Jonathan Maurice Ussery and his brother Walter Ussery in the parking lot of a Hardee's restaurant. [Criminal Case No. 1:11-cr-00032, Doc. 35 at 3: PSR]. The police officers were responding to a suspicious persons call from a manager at a nearby Arby's restaurant. [Id.]. The manager had called to report that Petitioner and his brother were in the Arby's restaurant and that they matched the description of two men who robbed a nearby restaurant several weeks earlier. [Id.]. During the

encounter, officers asked Petitioner and his brother whether they were armed, at which point Walter Ussery reached for his right pants pocket and Petitioner grabbed his waistband. [Id. at 3-4]. At that point, one of the officers patted along the outside of Walter Ussery's waistband and discovered a gun, which the officer announced to his partner. [Id.]. In response to the warning, the other officer grabbed Petitioner's left hand, while at the same time accessing his handcuffs. [Id.]. As the officer tried to secure Petitioner, he jerked away and ran. [Id.]. During the initial struggle, Petitioner dropped a gun before continuing to flee. [Id.]. The officer eventually caught up with Petitioner and tackled him. [Id.].

While fighting and wrestling on the ground, the officer felt Petitioner grab for his service revolver, which was in a holster on the officer's belt. [Id.]. At one point, Petitioner, who was able to unfasten the top strap of the officer's holster, proclaimed, "I've got your gun." [Id.]. To keep the gun secure, the officer put pressure on it and angled his holster. [Id.]. As the struggle continued, Petitioner and the officer fell down an embankment to a residential area, where two onlookers came to the officer's aid and helped secure Petitioner. [Id.].

On April 5, 2011, the grand jury for the Western District of North Carolina charged Petitioner with possession of a firearm by a convicted felon,

2

in violation of 18 U.S.C. § 922(g)(1). [Id., Doc. 3: Bill of Indictment]. Petitioner subsequently pled guilty without a written plea agreement. [Id., Doc. 29: Entry & Acceptance of Guilty Plea]. In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating an advisory guidelines range of 100 to 120 months in prison, based on a total offense level of 27 and a criminal history category of IV. [Id., Doc. 35 at 19]. In calculating Petitioner's offense level, the probation officer added (1) a four-level enhancement, under U.S.S.G. § 2K2.1(b)(6)(B), for possession of a firearm in connection with another felony offense — specifically, robbery of the Arby's restaurant; and (2) a six-level enhancement, under U.S.S.G. § 3A1.2(c)(1), for assaulting an officer during the course of the offense or immediate flight therefrom. [Id. at 6]. The probation officer also added two points to Petitioner's criminal history score, under U.S.S.G. § 4A1.1(d), because Petitioner was on supervised probation at the time of the offense. [Id. at 11]. Petitioner objected to the PSR, challenging, among other things, the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) and the addition of the two criminal history points under U.S.S.G. § 4A1.1(d). [Id., Doc. 34: Petitioner's Objection to PSR].

At sentencing, this Court sustained the objection to the four-level enhancement[1] and overruled the challenge to the two criminal history points, resulting in an advisory guidelines range of 70 to 87 months in prison, based on a total offense level of 23 and a criminal history category of IV. [Id., Doc. 40: Statement of Reasons; Doc. 48 at 12-17: Sent. Hr'g Tr.]. After hearing from both sides, this Court sentenced Petitioner to 79 months of imprisonment. [Id. at 35].

The Court entered judgment on October 26, 2012. [Id., Doc. 39: Judgment]. Petitioner appealed, challenging the denial of a motion to suppress the firearm recovered after officers stopped Petitioner and his brother in the parking lot. The United States Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion. United States v. Ussery, 575 Fed. App'x 161 (4th Cir. 2014).

Petitioner placed the instant motion to vacate in the prison system for mailing on November 24, 2014, and it was stamp-filed in this Court on December 1, 2014. In the motion to vacate, Petitioner claims that defense counsel was ineffective for (1) failing to challenge the application of the six-

---

[1] The Court sustained the objection based on the Court's finding, among other things, that there had been no robbery or attempted robbery at the Arby's restaurant. Thus, the four-level enhancement did not apply because the evidence did not show that the firearm had been used in connection with another felony offense. See [Id., Doc. 48 at 9 ("Even to the extent that any evidence may show that this defendant intended to commit the robbery, since there was none, the enhancement doesn't apply.")].

level enhancement for assault on a law enforcement officer, and (2) failing to challenge the addition of two criminal history points for committing the offense while on probation.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

### A.     Petitioner's Claims of Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.  To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In making this

determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). Finally, to demonstrate prejudice in the context of a guilty plea, a petitioner must be show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of

6

sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

> **1. Petitioner's claim that he received ineffective assistance of counsel because counsel did not object to the six-level enhancement for assaulting a police officer.**

Petitioner first claims that defense counsel was ineffective for failing to raise the "presumption of innocence" during sentencing when this Court added a six-level enhancement for Petitioner's assault on a law enforcement officer. Specifically, Petitioner claims that this Court erred by applying the six-level enhancement because at the time of sentencing he had not been convicted of assault on an officer, and state charges were merely pending. Petitioner's argument misapprehends the standard for application of the guidelines, as a conviction was not required in order for the Court to apply U.S.S.G. § 3A1.2(c)(1). In applying guidelines enhancements, sentencing courts employ a preponderance of the evidence standard, not a reasonable doubt standard. See United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007) ("When applying the Guidelines in an advisory manner, the district court can make factual findings using the preponderance of the evidence standard."). As such, guidelines enhancements may properly apply where

the conduct at issue forms the basis for a pending charge, or even where the defendant was acquitted of the charge. Accordingly, the fact that the assault on an officer charge was pending before the state court in this case had no bearing on this Court's determination, pursuant to the preponderance of the evidence standard, as to whether the six-level enhancement properly applied. Petitioner's argument that defense counsel was ineffective for declining to object to the enhancement is without merit.

Moreover, any objection would have been unavailing in light of the uncontested facts. Pursuant to U.S.S.G. § 3A1.2(c)(1), a defendant qualifies for a six-level increase to his offense level if, "knowing or having reasonable cause to believe that a person was a law enforcement officer," the defendant "or a person for whose conduct the defendant is otherwise accountable" assaults the officer "during the course of the offense or immediate flight therefrom" in a manner creating "a substantial risk of serious bodily injury." As set forth in the presentence report, and as presented during the suppression hearing, there was ample evidence supporting application of the six-level enhancement for assault of an officer during flight. Petitioner does not dispute that he knew the responding officers were law enforcement. Moreover, Petitioner sought to take one of the officer's guns by unfastening the top strap of his holster and reaching for the gun. On this record, any

objection to the application of the enhancement would have been unavailing, as courts have routinely applied U.S.S.G. § 3A1.2(c)(1) where a defendant attempts to reach for an officer's gun. See e.g., United States v. Sloley, 19 F.3d 149, 154 (4th Cir. 1994) (finding conduct that created a substantial risk of serious bodily injury where the defendant engaged in a struggle with the officer, grabbed the officer's gun from his holster, and raised it towards the officer); United States v. Hill, 583 F.3d 1075, 1080 (8th Cir. 2009) (finding conduct that created a substantial risk of serious bodily injury where defendant made multiple attempts to retrieve his loaded weapon during a struggle with law enforcement); United States v. Bowie, 198 F.3d 905, 913 (D.C. Cir. 1999) (finding that defendant who struggled with arresting officers while attempting to pull a pistol from his waistband assaulted officer in a manner creating risk of serious bodily injury sufficient to support the enhancement).

In sum, for the reasons stated herein, Petitioner's first claim is without merit.

**2. Petitioner's claim that counsel was ineffective for failing to challenge the two criminal history points.**

Petitioner next claims that defense counsel failed to preserve and challenge on appeal the addition of two criminal history points based on the fact that he was on probation at the time of the offense. Specifically,

Petitioner claims that his probation was terminated on May 2, 2010, and that because the offense occurred on September 25, 2010, he should not have received the additional points. Petitioner's claim is without merit.

As an initial matter, Petitioner's claim fails because counsel did, in fact, object to the inclusion of the two criminal history points. Accordingly, Petitioner cannot show that he received ineffective assistance of counsel. In any event, Petitioner's claim is merely an attempt to relitigate an issue already decided by this Court, and it is foreclosed by the re-litigation doctrine. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Finally, even if his claim were not foreclosed, Petitioner cannot show deficient performance because any challenge to the addition of the two points fails. Petitioner's challenge to the criminal history points is based on his contention that he had completed the conditions of his probation before committing the instant offense. As this Court found during Petitioner's sentencing hearing, however, Petitioner's probation had not been terminated when he committed the instant offense. On this record, Petitioner's claim fails as a matter of law.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: April 17, 2015

Martin Reidinger
United States District Judge